STEVENS'S EXECUTRIX et al.

*v.*

STEVENS'S EXECUTORS et al.

A bequest of a battery was made to the state, and another of funds to finish it before delivering it. A suit to test the validity of the bequest was instituted and prosecuted by and in behalf of the decedent's estate, and the bequest was sustained. *Held*, that neither the representatives of the estate in the litigation, nor persons brought in by them as defendants as possible claimants, and who proved to be actual claimants, were entitled to costs or counsel fees out of the proceeds of the sale of the battery.

----

On motion for allowance of costs and counsel fees.

*Mr. W. L. Clarkson*, of New York, for heirs of R. L. Stevens, deceased.

*Mr. Leon Abbett*, for executors and executrix of E. A. Stevens, deceased.

THE CHANCELLOR.

The heirs of Robert L. Stevens, deceased, and the executrix and executors of Edwin A. Stevens, deceased, apply for an allowance of their costs and counsel fees in this litigation out of the proceeds of the sale of the vessel known as the Stevens Battery. The suit was brought by the executrix and her children against her co-executors and others for advice, for a construction of the will of Edwin A. Stevens and the approval of the court as to action already taken by the executors in reference to trusts under the will. It raised various questions, one of which was as to the validity of the bequest of the battery to the state, and another as to the validity of the testamentary direction to the executors to finish the vessel. The attorney-general of the state, the governor, the commissioners appointed by the state, in relation to the battery and the heirs of Robert L. Stevens, were made parties to the suit. The attorney-general filed a cross-information (a defence) for the protection of the interests of the state in the subject-matter of the controversy. *Stevens's Executrix* v. *Stevens's Executors, 9 C. E. Gr. 77.* The litigation was instituted and prosecuted in behalf of the estate of Edwin A. Stevens and for the benefit of those interested therein. The result of the litigation as to the battery was everywhere in favor of the state. I see no ground on which either the executrix or the executors of Edwin A. Stevens, or the heirs of Robert L. Stevens, who were brought into this suit by the executrix and her children, can claim indemnity for their expenses in the litigation out of the proceeds of the sale of the battery—out of the legacy to the state. The motion is therefore denied.